## EVERTS *vs.* ALLEN.

An action brought for the recovery of a penalty given to a town treasury, not only may, but ought to be brought in the name of the treasury, and not in the name of the person holding the office of treasurer.

In a penal action, nothing can be taken by implication, or aided by intendment; but the plaintiff must shew clearly, that the penalty has accrued, and how it accrued.

*Chittenden,*
adj'd term,
June,
1797.

THE declaration and pleadings in this action were as follows: Ira Allen, of Colchester, was summoned to answer, as well to James Everts of Georgia, one of the land-owners of said Georgia, as the treasurer of said town who prosecutes, &c. for this, to wit, that the defendant render unto the said James and the said treasurer, £600, which he owes and unjustly detains for this, to wit, that on the 15th day of November, in the year of our Lord 1791, he the said James, at the dwelling house of B. H. in Georgia aforesaid, demanded of the defendant, who for a long time before was Clerk for the proprietors of the township of Georgia aforesaid, to deliver over to one Reuben Everts of Georgia aforesaid, who then was and still is the legal proprietors' Clerk of the said township of Georgia, all the records, files and papers, belonging to his the defendant's office of proprietors' Clerk as aforesaid. And now the plaintiff saith that the defendant afterwards, to wit, on the 16th day of August, 1792, at Colchester aforesaid, did neglet and refuse to give over to the

said Reuben Everts, proprietors' Clerk aforesaid, all the records, files and papers belonging to his the defendant's office of proprietors' Clerk as aforesaid, and hitherto hath neglected to deliver and give over the said records, files and papers aforesaid for a long time, to wit, from the said 16th day of August, 1792, until the 17th day of August, 1793, being 12 months, against the statute in such case made and provided.—Whereby an action hath accrued, &c. Nevertheless, the defendant, though often requested, hath not rendered, &c.—To the damage of the said James, who prosecutes as well for himself, as for the treasurer of said town of Colchester, £700.— Writ dated Aug. 17, 1793.

*Chittenden, June adj'd term, 1797.*

*Everts vs. Allen.*

D. *Chipman* and *Miller*, for defendant, demurred to the declaration specially, and assigned the following causes :—

1st.—Tat it does not appear by the said declaration, that there is any treasury of the town of Georgia, and there is no person named in said declaration as treasurer of said town of Georgia.

2d.—That the plaintiff has declared against the said Ira for the sum of £600 L. M. as forfeited by the above mentioned statute, whereas by the law in such case, no action can be maintained on the statute aforesaid for more than £50 debt as forfeited by said statute, to wit, the penalty for neglecting to deliver over the records as mentioned in said statute for the term of one month.

3d.—That the plaintiff has brought his action against the said Ira for the recovery of £700 damages, and not for the recovery of his pretended debt.

4th.—That it does not appear by the declaration that the said Ira was ever elected proprietors' Clerk by the proprietors of Georgia, nor that the said Ira at the time of said pretended demand, as set forth in the declaration, had in his hands or possession any files, records or papers belonging to the office of proprietors' Clerk of Georgia.

5th.—That the plaintiff's cause of action, if any he have, accrued on the 16th day of December, 1791, and the plaintiff's said action was not commenced within one year from and after that day.

The cause was argued by D. *Chipman* and *Miller* for the defendant, and by *Harrington* and *House* for the plaintiff.

CHIPMAN, Ch. J., delivered the opinion of the Court. Five several exceptions have been taken to the declaration.

*Chittenden,*
June adj'd
term, 1797.
Everts
*vs.*
Allen.

First.—That it does not appear by the declaration, that there is any treasury of the town of Georgia, and no person is named as treasurer. It has been urged, that it ought to have been averred in the declaration that there was a treasurer of the town of Georgia, for, by the statute, if there be no treasurer in a town, one half of such penalty is given to the county treasurer. But from this provision of the statute, it does not follow that such averment is necessary. It is to be presumed that towns are organized with proper officers, and no averment of that kind is necessary. Had the one half of the penalty been demanded for the county treasury, an averment that there was no treasurer in the town would have been necessary, because this is by way of proviso or exception to the general provision. The town treasury, if there be a treasury, is at all events entitled to the penalty; but the county treasury is entitled only in a particular event—the want of a town treasurer. Nor is there any foundation for the exception, that the name of the town treasurer is not inserted in the writ.

By the act on which this action is brought, one half of the penalty is given to the town treasury. The person holding the office of town treasurer, will receive for the town one half of the penalty if it shall be recovered.

The town treasurer is, with other town officers, chosen annually, and different persons may be chosen for each succeeding year. If it be necessary to commence the suit in the name of the person holding the office of treasurer at the time the suit is commenced, it would seem that the appointment of a different person to the office, while the action is pending, would abate the suit; or it would be necessary to erase the name of the old, and insert the name of the new treasurer, *toties quoties.* We think it the better mode to designate the office only.

The second exception is, that twelve penalties are accumulated in the same action. It is insisted by the defendant's counsel, that for each month's neglect there is a separate and distinct forfeiture which must be separately demanded; or, if it be allowed to demand the forfeitures for several month's neglect in the same action, yet they ought to be demanded in several distinct counts. No authority has been cited directly in point. The question seems not to have been directly decided. The case cited from Blackstone's Re-

ports, 906, is, as far as it has a bearing on the question, an authority for declaring in distinct counts, but we do not think it necessary to decide this point.

The third exception is, that in the conclusion of the declaration, damages only are demanded, omitting the debt—whereas it is said that in penal actions no damages can be recovered, under that name, and so are the authorities. But it may be observed, that the word damages includes costs; and all the precedents of declarations which have been produced conclude in the same manner as the declaration in this case.

The fourth exception is, that it does not appear by the declaration that the defendant was ever appointed proprietors' Clerk of the town of Georgia, or that he had in his hands, any files, records or papers belonging to the office of the proprietors' Clerk of that town. It is averred indeed, loosely, that Ira Allen, a long time before the 15th day of November, 1791, was proprietors' Clerk of the town of Georgia, and that at the time of the demand made, Reuben Everts of said Georgia was legal proprietors' Clerk. It is not stated how Ira Allen came into the office, or how he went out—nor is it necessary. But it is not averred that the defendant had in his hands or possession any files, records or papers belonging to the office of the proprietors' Clerk of Georgia. Such averment is indispensibly necessary. If the defendant had no such files, records or papers in his hands or possession, there could be no right to demand—no neglect, and no penalty could have been incurred. This omission is fatal.

The fifth exception is in effect that the action is barred by the statute of limitations. It is not necessary to decide, whether in a penal action, the defendant can avail himself of the statute of limitations on a demurrer to the declaration. The cause of action does not accrue on the demand, but on the right after the demand. This view of the subject discloses another defect in the declaration, not noticed in the special demurrer, which would alone be fatal.

It is stated that the demand was made on the 15th day of November, 1791; the neglect charged is from the 16th day of August, 1792, to the 17th August, 1793. The defendant is charged with no neglect during the nine months intervening between the 15th of November, 1791, the day on which the demand was made, and the

16th of August, 1792.   It is not averred that the defendant did not comply during that time.   If he was guilty of no neglect during that time, or rather if he complied during that time, no penalty could afterwards accrue.   The defendant is charged with neglect in not delivering over the records between the 16th of August, 1792, and the 17th of August, 1793; and it is not stated that the defendant did not at any time after the demand made deliver over the records. Nothing in this, which is a penal action, can be taken by implication, or aided by intendment.   The plaintiff must shew clearly that the penalty had accrued, and how it accrued.

Judgment for the defendant.